IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **STEPHEN C. STANKO**, *Plaintiff,* <br><br> v. <br><br> **SOUTH CAROLINA DEPARTMENT OF CORRECTIONS** (SCDC); **JOEL E. ANDERSON**, Interim Director, SCDC, **COLIE RUSHTON**, Director of Security & Emergency Operations, SCDC; **STEPHEN DUNCAN**, Warden, Broad River Correctional Institution; **LYDELL CHESTNUT**, Deputy Warden, Broad River Correctional Institution, <br><br> *Defendants*. | Case No. 3:25-cv-04976-RMG-SVH <br><br> **This is a capital case.** <br><br> **EXECUTION SCHEDULED FOR JUNE 13, 2025, at 6:00 p.m.** |

## RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Stephen C. Stanko, by and through counsel, opposes the Defendants' Motion to Dismiss. ECF No. 21.

The Motion, filed on behalf of both the intervenor and original Defendants, seeks dismissal of Mr. Stanko's Complaint (ECF No. 1) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 21 at 1. In lieu of argument, the Motion incorporates by references Parts I and II of the Intervenor Defendant's Response (ECF No. 20 at 7–18) to the Complaint (ECF No. 1) and stay motion (ECF No. 17). *Id*. at 1–2.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint, not the merits of the case. In assessing such a motion, the Court must "accept as true all of the allegations contained in the complaint" that are not mere legal conclusions or recitations of the elements as true and construe the complaint in the light most

1

favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted).

To survive a motion to dismiss, a complaint must merely contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. This does not require detailed factual allegations, nor must the complaint allege facts that establish the *probability* of misconduct. *Id*. Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Importantly, Rule 8 "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Twombly*, 550 U.S. at 556. The standard is not intended to be a high bar. At this early stage, courts are required to assume the veracity of the plaintiff's well-pleaded factual allegations, and dismissal is only appropriate where the complaint fails to "raise a right to relief above the speculative level." *Id*. at 555.

Accordingly, so long as the plaintiff has alleged sufficient facts—taken as true—that plausibly suggest entitlement to relief, the complaint must be allowed to proceed to discovery. Dismissal under Rule 12(b)(6) is a disfavored remedy and should be granted only in the rare case where the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

Here, Defendants fail to show any deficiency in the Complaint that justifies dismissal under these standards.[1] Rather than presuming the veracity of the facts alleged in the Complaint, Defendants repeatedly simply assert contrary facts. The Defendants' continued conclusory factual assertions to the contrary of the well-supported allegations in the Complaint do not satisfy the Defendant' burden under this test.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request this Court deny the motion to dismiss.

Respectfully submitted,

*/s/ E. Charles Grose, Jr.*
E. CHARLES GROSE, JR. (Fed ID 6072)
The Grose Law Firm, LLC
305 Main Street
Greenwood, SC 29646
(864) 538-4466 (tel)

*/s/ Joseph J. Perkovich*
JOSEPH J. PERKOVICH
Phillips Black, Inc.
PO Box 3547
New York, NY 10163
(212) 400-1660 (tel)
(888) 543-4964 (fax)
j.perkovich@phillipsblack.org

*s/ Joseph C. Welling*
JOSEPH C. WELLING
Phillips Black, Inc.
100 N. Tucker Blvd., Ste. 750
St. Louis, MO 63101
(314) 629-2492 (tel)

---

[1] Plaintiff incorporates by reference his Reply to the Response to the Complaint and Response to Plaintiff's motion to stay execution pending litigation of the Complaint.

(314) 582-1266 (fax)  
j.welling@phillipsblack.org

Counsel for Plaintiff Stephen C. Stanko

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I served the foregoing Complaint on all counsel of record via the Court's ECF filing system.

                                               */s/ E. Charles Grose, Jr.*